Erick Alfonso ESCOBAR, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 08–73629.

United States Court of Appeals, Ninth Circuit.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Aug. 10, 2010.*

Filed Aug. 30, 2010.

Edgardo Quintanilla, Quintanilla Law Firm, Inc., Sherman Oaks, CA, for Petitioner.

Oil, Michele Yvette Frances Sarko, Esquire, Jacob Bashyrov, Esquire, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, HAWKINS, and IKUTA, Circuit Judges.

MEMORANDUM **

Erick Alfonso Escobar, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen deportation proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review the BIA's factual findings for substantial evidence. *Najmabadi v. Holder,* 597 F.3d 983, 986 (9th Cir.2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Escobar's motion to reopen as untimely because Escobar filed the motion over two years after the BIA's final administrative decision, *see* 8 C.F.R. § 1003.2(c)(2), and Escobar failed to establish changed circumstances in Gua-

temala to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Najmabadi,* 597 F.3d at 991 (substantial evidence supported BIA's conclusion that evidence submitted with motion to reopen was not qualitatively different from the evidence presented at the original hearing).

We lack jurisdiction to review Escobar's ineffective assistance of counsel claim because he failed to exhaust it before the BIA. *See Puga v. Chertoff,* 488 F.3d 812, 815–16 (9th Cir.2007).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**